AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

FILED
RICHARD W. NAGEL
CLERK OF COURT

7/22/25

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. DAYTON

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. |
| JOSE GABRIEL RODRIGUEZ-BANDA | ) | 3:25-mj-311 |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of _____July 22, 2025_____ in the county of _____Montgomery_____ in the
____Southern____ District of _____Ohio_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Reentry of Removed Alien |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

SA WILLIAM D. CRAYNER, ATF
*Printed name and title*

Sworn to before me and signed in my presence via telephone.

Date: ___July 22, 2025___

_____
Caroline H. Gentry
United States Magistrate Judge

City and state: _____DAYTON, OHIO_____

**AFFIDAVIT IN SUPPORT OF**
**A CRIMINAL COMPLAINT AND ARREST WARRANT**

I, William Crayner, hereby duly sworn, declare and state:

**INTRODUCTION AND AGENT BACKGROUND**

1.       I make this affidavit in support of a criminal complaint pursuant to Rule 4 of the Federal Rules of Criminal Procedure, charging Jose Gabriel RODRIGUEZ-BANDA (RODRIGUEZ) for a violation of Title 8, United States Code, Section 1326(a) (Reentry of Removed Alien)**.**

2.       I am a Special Agent ("SA") with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and have been so employed since December 2018.   As a part of my training with the ATF, I graduated from the Federal Law Enforcement Training Center, Criminal Investigator School, in Glynco, Georgia.  I also graduated from the ATF Special Agent Basic Training Academy, also in Glynco, in June of 2019.

3.       In my career with ATF, I have been assigned to the Cincinnati Field Office in the Southern Judicial District of Ohio. Prior to my employment with ATF, I was a member of the United States Secret Service in Washington D.C. where I served as a member of the Uniformed Division under the Presidential Protective Division. I was employed in that capacity from July of 2010 to February 2015. I was also a member of the Carmel Police Department in Carmel, IN from February 2015 to December of 2018. I was assigned to the Operations Division at the Carmel Police Department and took part in various criminal investigations during my tenure. I have received additional training in several areas of law enforcement, including but not limited to gang investigations, narcotics interdiction and investigation, and firearms interdiction and investigation. I am also a 2008 graduate of Purdue University where I received a bachelor's degree in Law and Society and a 2025 graduate of Oklahoma State University where I received a graduate certificate

1

in Forensic Arson, Explosives, Firearms and Toolmarks Investigation.

4.      Through my training, experience, and discussions with other law enforcement officers, I know that it is a violation of federal criminal immigration law – namely, Title 8, United States Code, Section 1326 – for an alien previously removed from the United States to return to this country absent approval of the Attorney General of the United States or the Secretary of the Department of Homeland Security.

5.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

### PROBABLE CAUSE

**A.  Introduction**

6.      I know that a foreign national or alien present in the United States can be placed in removal proceedings and ordered to return to their native country.   This process is generally called removal (also formerly known as deportation).   The removal process can be voluntary – namely, the alien is allowed to return on their own to their country of origin.   On other occasions, the United States will take the alien directly to their country of nationality. Through the removal process, immigration officials collect information and data concerning the alien; the United States retains this information to track and record individuals who previously have been removed from the United States and have not been given permission to return to this country following their removal.   The information that immigration officials collect from the alien and maintain in official government records may include: the alien's name; country of nationality or citizenship; a photograph of the alien at the time of removal; and copies of one or

more of the alien's fingerprints.

7.  ATF is investigating suspected firearms trafficking, illegal possession of firearms and a violation of a previously removed alien found in the United States by RODRIGUEZ and others. As I explain in more detail below, on or about May 29, 2025, RODRIGUEZ made contact with a Department of Homeland Security Investigations (HSI) confidential informant (CI) and asked for the CI to procure a firearm to sell to him.

**B.  Facebook Conversations between the CI and Jose RODRIGUEZ**

8.  The CI asked where RODRIGUEZ was and RODRIGUEZ established, he was in Ohio and wanted a .22 LR caliber firearm.

9.  The conversation between the CI and RODRIGUEZ continued on May 31, 2025, when the CI asked RODRIGUEZ if he wanted a new or old firearm. RODRIGUEZ replied either used or new would work. RODRIGUEZ then went on to list some more firearms he was interested in obtaining. RODRIGUEZ stated he was interested in acquiring one Smith & Wesson, .22 LR caliber firearm, or a Glock .22 LR caliber firearm, or a Taurus and two or three firearms chambered in .380-caliber.



10. On June 2, 2025, the Facebook conversation between the CI and RODRIGUEZ continued. The CI informed RODRIGUEZ that he/she found some firearms and asked RODRIGUEZ to call him/her. The CI stated the firearms were "hot," meaning stolen and asked RODRIGUEZ if that was a problem. RODRIGUEZ replied it was not a problem. The CI asked for RODRIGUEZ's phone number. RODRIGUEZ replied he would call the CI later.

11. On June 3, 2025, RODRIGUEZ provided his phone number to the CI, 937-432-8458.

4





### C. Text messages exchanged between an uncover agent (UC) and RODRIGUEZ

11.     Between June 5 and June 6, 2025, Drug Enforcement Administration (DEA) SA (undercover agent or UC), acting in an undercover capacity, acquired RODRIGUEZ's cell phone number, from the CI and engaged in texting communications with that number. The UC speaks Spanish and has translated the above conversations as part of this investigation.

12.     Through text messages, RODRIGUEZ stated to UC he would want to acquire firearms that are AR-15's, as long as the price was good, and also pistols. RODRIGUEZ also stated he wanted firearms to not be made completely of steel so that they could avoid being detected on x-rays. RODRIGUEZ stated he believed firearms chambered in .22 LR, .380 caliber

and that Smith & Wesson and Glock pistols chambered in 9mm are popular. RODRIGUEZ stated he was especially interested in a Smith & Wesson 500 with a short barrel and that he had been looking for that particular firearm for approximately five months. In my training and experience, I know that persons trafficking firearms across the United States-Mexico border attempt to avoid detection of x-ray machines that are used to detect firearms, controlled substances, and other illegal items entering and exiting the United States.

### D. RODRIGUEZ is not a Federal Firearms Licensee.

13. On June 6, 2025, ATF Industry Operations Investigator (IOI) Area Supervisor (AS) William Halusek queried the ATF Federal License System (FLS) to determine if RODRIGUEZ was a current Federal Firearms Licensee (FFL).   AS Halusek determined that RODRIGUEZ is not a current FFL, and that RODRIGUEZ has not previously been a FFL or has a pending application to become an FFL.

### D.  RODRIGUEZ does not possess a lawful status to be in the United States of America

14. On June 4, 2025, I confirmed with the Department of Homeland Security Investigations (HSI) that RODRIGUEZ does not currently possess any lawful status to be in the United States of America. I also learned that RODRIGUEZ has been detained at the U.S. – Mexico border twice before. The first encounter was in 2013, where RODRIGUEZ was detained by the U.S. Border Patrol. RODRIGUEZ chose to voluntarily return to Mexico. The second encounter was in 2016, where RODRIGUEZ was detained by the U.S. Border Patrol again and was charged with crossing into the United States without inspection and alien inadmissibility. RODRIGUEZ was convicted of alien inadmissibility and forcibly removed from the United States. HSI does not have any documentation that RODRIGUEZ was encountered again at the

7

U.S. – Mexico border. HSI informed me the lack of documentation of a third encounter could mean RODRIGUEZ crossed the U.S. – Mexico border and did not encounter law enforcement.

**E. Electronic Surveillance of RODRIGUEZ's phone and Physical Surveillance of RODRIGUEZ's Residence**

15. Between June 9, 2025, and July 9, 2025, I conducted electronic surveillance on 937-432-8458 (RODRIGUEZ's cell phone), a cell phone number that is carried by AT&T subsidiary Cricket Wireless. AT&T provided subscriber details for RODRIGUEZ's cell phone, listing "JOSE RODREGEZ" as the phone number subscriber.

16. Throughout the electronic surveillance period, RODRIGUEZ's cell phone was routinely located along the 5700 block of N Springboro Pike, Dayton, OH. The CI stated RODRIGUEZ lives at 5781 N Springboro Pike, Dayton, OH.

17. On July 15, 2025, I conducted physical surveillance at 5781 N Springboro Pike, Dayton, OH and observed a white 1998 Ford Expedition, bearing Ohio plate: JHU6396, registered to "Rodiguez Masonry," at 5781 Springboro Pike, Dayton, OH.

18. On July 22, 2025, I conducted additional physical surveillance at 5781 N Springboro Pike, Dayton, OH and observed three unknown males exit the front breezeway door and enter a maroon 2004 Lincoln Navigator, bearing Ohio plate: KDE7854. One of the males exhibited similar physical characteristics to RODRIGUEZ's photographs that I have reviewed from his 2016 border crossing. That unknown male, who I believe to be RODRIGUEZ, got into the rear seat of the Lincoln Navigator and the vehicle departed from the driveway. I conducted constant surveillance of the Lincoln Navigator's travel from the residence to its final destination. I observed the maroon Navigator enter a housing development that was under construction in the area of Winding Creek Blvd and Cold Storm Drive, Centerville, OH 45458 and enter a construction site.

19.     I compared my physical observation of where the Navigator entered the construction site to previously conducted electronic surveillance of RODRIGUEZ's cell phone. On July 8, 2025, at approximately 10:37am, RODRIGUEZ's cell phone was located in the area of Winding Creek Blvd and Cold Storm Drive, Centerville, OH 45458.

20.     Law enforcement has reviewed immigration databases, and there is no record that, after his removal, RODRIGUEZ entered the United States legally or received permission from the Attorney General of the United States or the Secretary for the Department of Homeland Security to return to the United States and remain here.

21.     Based on the facts set forth in the Affidavit, I respectfully request an arrest warrant and criminal complaint for the above-named individual for violating 8 U.S.C. § 1326(a), Reentry of Removed Alien.

William Crayner
Special Agent
Bureau of Alcohol, Tobacco, Firearms &
Explosives

By telephone
Sworn and subscribed before me on this
22nd day of July 2025.

Caroline H. Gentry
United States Magistrate Judge

9